TORLIEF TORLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6019. Promulgated March 16, 1928.

*William T. Beeks, Esq.,* for the petitioner.
*John E. Marshall, Esq.,* for the respondent.

36

OPINION.

Morris: The return filed for the petitioner by his duly authorized agent was on its face a joint return filed pursuant to section 223 of the Revenue Act of 1921. The fact that the petitioner in his letter to the collector reserved the right later on to amend the report as his books showed it necessary does not, in our opinion, indicate that the agent exceeded his authority in preparing the return on that basis. Any taxpayer, whether he reserves the right or not, may file corrected figures upon the ascertainment that those already submitted are incorrect. If the return did not set forth all the taxable income of both husband and wife, that fact, when ascertained by the Commissioner or by either husband or wife, does not entitle either husband or wife to file another return on another basis. *Downes* v. *Commissioner*, 5 B. T. A. 1029. A joint return as provided for in section 223 of the Revenue Act of 1921, having been filed, and the tax computed on that basis, the petitioner can not subsequently file a separate return on the community property basis. *Downes* v. *Commisioner*, *supra*, and *Cassiere* v. *Commisioner*, 5 B. T. A. 1032.

*Judgment will be entered for the respondent.*